IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
|     Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. JFM-11-1614 |
| | * | |
| HON. CATHERINE C. BLAKE | | |
| JUDGE DEBORAH K. CHASANOW | * | |
| JUDGE BENSON EVERETT LEGG | | |
| HON. PETER J. MESSITTE | * | |
| JUDGE ROGER W. TITUS | | |
| JUDGE ALEXANDER WILLIAMS, JR. | * | |
| BONNIE S. GREENBERG | | |
|     Defendants. | * | |

## **MEMORANDUM**

Barbara M. Bush ("Bush"), a frequent litigator who has filed more than 100 civil actions in this Court over the past eleven years, seeks to invoke this court's federal question jurisdiction, naming Assistant United States Attorney Bonnie S. Greenberg and six members of this court as party defendants.

The "complaint" is not a model of clarity and even when generously construed, the court finds that Bush has failed to articulate cogent grounds for relief. Bush notes that she has had no trial, was never found guilty, and has not been convicted. She references 18 U.S.C. § 3552(b) (psychiatric or psychological examination); the doctrines of res judicata and collateral estoppel; and "illegal detainment" at an apartment complex pending trial. Although she has not paid the filing fee or submitted an indigency affidavit, Bush shall be granted leave to file *in forma pauperis.*

The following information, culled from the court's criminal docket, illustrate the current posture of Bush's criminal proceedings. On April 27, 2006, a criminal complaint was filed

charging Bush with two counts of mailing threatening communications, in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). An indictment charging the same was entered on May 8, 2006. Bush has four times received the appointment of CJA counsel and was ordered to undergo a psychiatric examination by joint motion. According to the criminal docket Bush was conditionally released from pre-trial detention in November of 2007. The government's motion to permit forcible medication was granted and on April 16, 2008, an opinion was issued finding plaintiff mentally incompetent to stand trial and ordering her committed into the custody of the United States Attorney General for hospitalization and treatment. *See United States v. Bush*, Criminal No. L-06-0202 at ECF No. 97. That judgment, however, was vacated and remanded to this court for further proceedings on October 29, 2009. *Id*. at ECF No. 129. The indictment was dismissed on June 6, 2011.

While pro se complaints are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them or to act as an advocate for a pro se claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Pursuant to Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "averment of a pleading shall be simple, concise, and direct. " Fed. R. Civ. P. 8(e)(1). "[T]hreadbare recitals of

the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In order to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Judges, however, are absolutely immune from liability for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ; *Stump v. Sparkman*, 435 U.S. 349 (1978) . Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen,* 466 U.S. 522, 536-543 (1984), Congress amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue judicial officers for declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir 2000); *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003). Assuming Bush intends to use this action to compel dismissal of her criminal case by members of this bench, she is not entitled to relief based on the foregoing analysis.

Likewise, defendant Greenberg is entitled to dismissal. Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process...." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Here, the alleged conduct is clearly "intimately associated with the judicial phase of the criminal

process" and is thus entitled to absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430.

As noted above, Bush has filed more than 100 civil actions in this court. Almost all were dismissed after preliminary review. This latest filing suggests both an intent to file vexatious litigation and an intent to "forum shop" by naming members of this court as party defendants. Bush is forewarned that continuing this course of action will result in the imposition of sanctions limiting her access to this court.

The case shall be dismissed. A separate order shall be entered in accordance with this memorandum.


_June 30, 2011_____     ____/s/_____
(Date)                  J. Frederick Motz
                        United States District Judge